IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARLENE B. KARTON | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : |
| | : No.: |
| CAVALRY SPV I, LLC; and, APOTHAKER SCIAN PC | : |
| Defendants. | : |
| | : **JURY TRIAL DEMANDED** |

## COMPLAINT

1. Plaintiff, MARLENE B. KARTON brings this Complaint against CAVALRY SPV I, LLC; and, APOTHAKER SCIAN PC ("Defendants") and states as follows:

### I. INTRODUCTION

2. This is an action for actual and statutory damages brought by the above-named Plaintiff, against Defendants CAVALRY SPV I, LLC and APOTHAKER SCIAN PC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

### II. PARTIES

3. Plaintiff, MARLENE B. KARTON, is an individual residing at 735 S. Settlers Circle, Warrington, Pennsylvania, 18976, Bucks County, Pennsylvania, and is a consumer as that term is defined by 15 U.S.C. §1692(a)(3), and/or is a person affected by violations of the aforesaid statute.

4. Defendant CAVALRY SPV I, LLC ("Cavalry") is a debt buyer located at 500 Lake Drive, Suite 400, Valhalla, New York, 10595.

5. Defendant APOTHAKER SCIAN PC ("Apothaker"), located at 520 Fellowship Road, Suite C306, Mt. Laurel, New Jersey, 08054, is a law firm whose primary services involve collecting debts.

6. The aforesaid defendants are "debt collectors", as that term is defined by 15 U.S.C. §1692(a)(6).

7. Defendants, at all times relevant hereto, are entities/persons who used an instrumentality of interstate commerce or the mails in a business, the principal purpose of which was the collection of debts; and which entities/persons routinely and regularly engage in debt collection activity.

8. At all times relevant hereto, Defendant Apothaker acted as the legal counsel, attorney and agent for Defendant Cavalry.

9. Defendants, at all times relevant hereto, acted either directly or indirectly, through their officers, managers, officers, employees, partners, agents and/or attorneys.

10. At all times relevant hereto, Defendants are jointly, severally, individually and/or vicariously liable to Plaintiffs herein.

### III.  JURISDICTION AND VENUE

11. Jurisdiction of this court arises under 15 U.S.C. §1692(k) and 28 U.S.C. §1331.

12. Venue is proper in this District because, pursuant to 28 U.S.C. § 1391(b)(2), a substantial part of the events or omissions giving rise to the claim occurred this District.

## IV. STATEMENT OF FACTS

13. In connection with its attempt to collect a purported consumer debt in the amount of $9,057.28, Apothaker, on behalf of its client, Cavalry, filed a complaint on October 30, 2020 against Plaintiff in the Bucks County Court of Common Pleas, with an attached "Notice to Defend – Civil". **See Exhibit A** (Notice to Defend and Complaint).

14. Said complaint was served on Plaintiff on November 12, 2020. **See Exhibit B**.

15. Defendants then, on February 5, 2021, subsequently took a default judgment against Plaintiff in the amount of $9,057.28. **See Exhibit C**.

### FALSE, MISLEADING AND DECEPTIVE Pa.R.C.P. 1018.1 NOTICE

16. Contrary to the requirements of Pa.R.C.P. 1018.1 and Bucks County Local Rule 1018.1(c)*1, the notice on the complaint failed to provide all required telephone numbers to Plaintiff for purposes of obtaining information about hiring a lawyer.

17. Specifically, Rule 1018.1(a) of the Pennsylvania Rules of Civil Procedure requires that: "Every complaint filed by a plaintiff… shall begin with a notice to defend in substantially the form set forth in subdivision (b)…"

18. Subdivision (c) of Rule 1018.1 then goes on to state that: "Each court shall by local rule designate the officer, organization, agency or person to be named in the notice from whom information can be obtained."

19. In that regard, and as required by Pa.R.C.P 1018.1(c), the Notice to Defend form prescribed by Bucks County Local Rule 1018.1(c)*1 designates the following contact information for defendants, in civil lawsuits, to reach out to if they need legal assistance, and states as follows:

**Rule 1018.1(c)*(1) Notice to Defend**

The agency to be contacted for legal help as provided in Pa.R.C.P. 1018.1(b) is:

Bucks County Bar Association
135 East State Street, P.O. Box 300
Doylestown, PA 18901
(215) 348-9413 or 1-(800)-273-2929

Any future changes in the designated telephone numbers may be effected by publishing the change in the Bucks County Law Reporter for four consecutive weeks without further order of the Court.

*Editor's note*: Adopted May 23, 1975, effective July 1, 1975; amended February 12, 1992, effective immediately.

**See Exhibit D.**

20. Significantly, the Notice to Defend form prescribed by the aforesaid Bucks County Local Rule requires plaintiffs in civil actions to list a toll-free alternative 1-800 telephone number as a cost free option for defendants to call about hiring a lawyer.

21. In this case, the Notice to Defend form served by Defendants on Plaintiff was false, misleading, deceptive in that it failed to provide Plaintiff with the requisite aforesaid toll-free 1-800 telephone number.

**FALSE, MISLEADING AND DECEPTIVE Pa.R.C.P. 237.1(a) NOTICE**

22. Further, with respect to obtaining default judgments in Pennsylvania Courts of Common Pleas, Rule 237.1(a)(2) of the Pennsylvania Rules of Civil Procedure requires that a plaintiff mail a ten-day notice of intention to take default judgment, for a defendant's failure to plead in response to the complaint.

23. The form of the notice required under Rule 237.1(a)(2) is prescribed by Rule 237.5.

24.     Like Rule 1018.1, Rule 237.5, also requires the notice to provide the contact information of the organization or agency where a defendant can get information about hiring a lawyer.

25.     In this case, Defendants also willfully failed to include the requisite toll-free alternative 1-800 telephone number on the Rule 237.1 (a)(2) Notice. **See** **Exhibit C at 5.**

26.     The aforesaid false, misleading and deceptive notices were material in that proper notices in civil actions in the Commonwealth of Pennsylvania are absolute prerequisites for procuring valid judgments against defendants; indeed, failure to provide notices compliant with the Pennsylvania Rules of Civil Procedure are strictly construed and are considered "fatal defects" which make a subsequent purported judgment void *ab initio*.[1] See, e.g., Oswald v. WB Public Square Associates, LLC, 80 A.3d 790 (Pa. Super. 2013).

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
## 15 U.S.C. § 1692, *et seq*.

27.     Plaintiff incorporates by reference the foregoing paragraphs as though the same were fully set forth at length herein.

28.     Defendants' willful failure to provide the requisite toll-free 1-800 alternative telephone number on both aforesaid Notices constitutes an unfair and unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f of the FDCPA.

---

[1] Importantly, here, plaintiff does not challenge the validity of, or ask this court to review, any state court judgment, as any such challenge would be properly brought within the Bucks County Court of Common Pleas via petition to open and/or strike the judgment. Instead, plaintiff brings this action seeking redress solely for violations of the FDCPA – an issue completely independent from the question as to whether the state court judgment is valid. Thus, the Rooker-Feldman doctrine does not apply here.

29. Defendants' willful failure to provide the requisite toll-free 1-800 alternative telephone number on both aforesaid Notices constitutes false, deceptive, and misleading means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e of the FDCPA.

30. Defendants' willful failure to provide the requisite toll-free 1-800 alternative telephone number on both aforesaid Notices, in violation of the aforesaid Bucks County Local Rule 1018.1(c)*(1), constitutes an action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5) of the FDCPA.

31. Defendants' willful failure to provide the requisite toll-free 1-800 alternative telephone number on both aforesaid Notices constitutes the use of any false representations and deceptive means in an attempt to collect any debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

32. As a result of Defendants' aforesaid violative conduct, Plaintiff has suffered emotional distress, confusion, worry and anxiety.

33. Defendants are liable to Plaintiff for statutory damages in the amount of $1,000.00, actual damages in an amount to be determined, and Plaintiff's attorney's fees and costs.

WHEREFORE, Plaintiff demands:

   a) judgment against Defendants for actual damages pursuant to 15 U.S.C. § 1692k(a);

   b) judgment against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a);

   c) an award of costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

   d) such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all triable claims.

                                              LAW OFFICE OF JOSEPH M. ADAMS

                                              By: */s/ Joseph M. Adams*
                                              Joseph M. Adams, Esq. (Pa. Atty ID #58430)
                                              200 Highpoint Drive, Suite 211A
                                              Chalfont, PA  18914
                                              Tele:  215-996-9977
                                              josephmadamsesq@verizon.net
                                              Attorney for Plaintiff